### ELMER G. DAVIS *vs.* JAY B. CRAWFORD.

Suffolk. November 11, 1907. — February 26, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Limitations, Statute of. Contract,* Performance and breach.

In an action on an instrument in writing by which the defendant acknowledged the receipt of $200 for use and investment in a certain mine, and agreed that if no profits or returns were received from the mine within six months he would return the $200 with interest, it appeared that no profits or returns were received within six months or at any other time. The statute of limitations was pleaded. The date of the writ was more than six years after the date of the agreement declared on, but less than six years from the expiration of six months after that date. *Held,* that under the terms of the agreement nothing could have been due until the expiration of six months from its date, and therefore that the action was not barred by the statute.

CONTRACT upon an instrument in writing dated July 14, 1898, which is quoted in the opinion. Writ in the Municipal Court of the City of Boston dated January 7, 1905.

The defendant in his answer, in addition to a general denial and an allegation of payment, set up the statute of limitations.

On appeal to the Superior Court the case was heard by *White,* J., without a jury. The plaintiff introduced in evidence the agreement signed by the defendant which is quoted in the

opinion and certain agreed facts which are stated in the opinion. The defendant asked for a ruling that the statute of limitations began to run against the plaintiff's claim on July 14, 1898, and that the action was barred by the statute of limitations.

The judge refused to rule as requested, and found for the plaintiff in the sum of $287.07. The defendant alleged exceptions.

The case was submitted on briefs.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the defendant.
*S. R. Cutler & H. W. James,* for the plaintiff.

RUGG, J. The only question raised by these exceptions is when the statute of limitations began to run upon the following instrument:

"Boston, July 14, 1898.

"I have this day received from Elmer G. Davis two hundred dollars for use and investment in the Cottonwood mine situated in Chaffee Co., Colorado, Whitehorn District; and I agree that if said mine proves successful that I will pay him from the first profits or returns received by me the sum of four hundred dollars, and if no such profits or returns are received by me within six months from this date I agree to return to said Davis the said two hundred dollars with interest.

"Jay B. Crawford."

It was agreed that $200 was paid to the defendant upon July 14, 1898; that the mine referred to in the agreement did not prove successful, and there was no profit or return received within six months from July 14, 1898, or at any other time, and that no demand was made upon the defendant for the return of the money until within a few days before the bringing of this action. It is plain that upon these facts the statute of limitations did not begin to run until January 14, 1899. The contract is not to pay upon demand, but a specific agreement to pay in two contingencies two different amounts: if the mine proves successful, $400 are to be paid out of the profits, and if no profits are made within six months from its date, then the $200 with interest is to be returned. Upon the facts agreed, nothing could have been due until the expiration of six months. Any action brought before that time would have been premature.

Therefore, the statute of limitations did not begin to run until January 14, 1899, and the present action instituted on January 7, 1905, is not barred.

*Exceptions overruled.*